```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nina S. McBride-Meyers,

                                          Plaintiff,

                -against-

Andrew Saul, Commissioner of Social Security,[1]

                                        Defendant.

1:16-cv-05696 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

       Presently before this Court is Plaintiff's Motion for Attorney's Fees (Pl.'s Not. of Mot., ECF No. 23), pursuant to a contingent fee agreement and 42 U.S.C. § 406(b). Plaintiff seeks an award of attorney's fees in the amount of $9,317.50 which represents twenty-five percent (25%) of the past due benefits awarded to the Plaintiff. (Binder Aff., ECF No. 24, ¶ 13.) For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

       On July 15, 2013 Plaintiff filed an application for Social Security Disability benefits with a disability onset date of April 12, 2013. (Binder Aff. ¶ 1.) Her application was denied upon initial review and she timely requested a hearing before an Administrative Law Judge ("ALJ") on October 25, 2013. (*Id*.) Thereafter, on January 16, 2014, Plaintiff retained Binder & Binder to represent her before the Social Security Administration ("SSA") in regard to her pursuit for disability benefits. (*Id*.)

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019. Pursuant to 25(d)(1) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Carolyn W. Colvin as the defendant.

A hearing was held before ALJ Louis Cantanese on April 23, 2015. (Binder Aff. ¶ 2.) In a written unfavorable decision, dated June 1, 2015, ALJ Cantanese found Plaintiff not disabled within the meaning of the Social Security Act. (*Id*.) On June 25, 2015, Plaintiff requested review of the ALJ's decision by the Appeals Council and in support of this appeal her representatives submitted comments on August 10, 2015. (*Id*.) On May 24, 2016, the Appeals Council denied the request for review. (*Id*.)

Upon the Plaintiff's decision to pursue an appeal in the United States District Court, Plaintiff signed a retainer agreement authorizing the Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder Law Offices") to "appeal the denial of Social Security benefits to the United States District Court." (Binder Aff. ¶ 3; Binder Aff. Ex. A, ECF No. 24-1.) The retainer agreement provided that, if the claimant's case is remanded by the United States District Court to the SSA, and, upon remand, the claimant is awarded past due benefits by the Appeals Council and/or the ALJ, the claimant will pay her counsel twenty-five percent (25%) of past due benefits, upon approval by the District Court and/or the SSA. (*See* Binder Aff. Ex. A.)

On July 18, 2016, Plaintiff commenced an action in this Court by filing a complaint. (Binder Aff. ¶ 4.) Issue was joined by filing of Defendant's answer on October 27, 2016. (*Id*.) Plaintiff filed a brief on December 22, 2016 and Defendant filed a brief on February 13, 2017. (*Id*.) On March 17, 2017, Plaintiff filed a reply. (*Id*.) On May 5, 2017, the parties consented to the jurisdiction of Magistrate Judge Ellis for all purposes. (Consent, ECF No. 18.) Subsequently, on September 29, 2017, Judge Ellis issued an Order and Opinion remanding the case back to the SSA for further proceedings. (Binder Aff. ¶ 4.) Judgment was entered the same day. (*Id*.)

Based on the successful appeal in the District Court, Plaintiff sought an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Binder Aff. ¶ 5.) Thereafter, Plaintiff was awarded $4,000.00 in EAJA fees. (*Id*.)

In a written Fully Favorable Decision, dated February 16, 2018, the Appeals Council found Plaintiff disabled within the meaning of the Social Security Act as of April 12, 2013. (Binder Aff. ¶ 6.) In a March 4, 2018 Notice of Change in Benefits letter, the SSA advised that Plaintiff was due benefits. (*See* Binder Aff. Ex. C, ECF No. 24-1.) In that letter, the SSA indicated it had "withheld $9,317.50 from your past due benefits in case we need to pay your representative." (*See id*.)

On March 12, 2018, Plaintiff's counsel filed the present motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (*See* Pl.'s Not. of Mot.) Plaintiff seeks attorney's fees in the amount of $9,317.50 which represents twenty-five percent (25%) of the past due benefits awarded to the Plaintiff. (Binder Aff. ¶ 13.) Upon receipt of this sum, Binder & Binder pledges to refund the previously awarded EAJA fees of $4,000.00 directly to the Plaintiff. (*Id*.)

On December 9, 2020, this case was redesignated to me and, on the same day, I ordered Defendant to file any opposition to Plaintiff's motion for attorney's fees by December 16, 2020. (12/9/20 Order, ECF No. 29.) On December 16, 2020, Defendant filed his response to Plaintiff's motion. (Def.'s Response, ECF No. 30.)

## DISCUSSION

**I.     Legal Standards**

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to

which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted). Among the factors to be considered when determining whether an award is reasonable are: (a) whether the contingency fee is within the twenty-five percent limit; and (b) whether the retainer was the result of fraud or overreaching by the attorney. *See* Wells, 907 F.2d at 372.

Other factors to be considered are the following:

1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

4

With respect to the third factor—whether the award constitutes a "windfall"— courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).

II.   **Application**

As noted above, Plaintiff seeks an award of attorney's fees in the amount of $9,317.50. The fees are within the twenty-five percent limit imposed by statute. Moreover, as noted by the Commissioner in her submission, there is no evidence of fraud or overreaching. (*See* Def.'s Resp. at 3-5.)

The Court finds that the requested fees are not out of line with the character of the representation and the successful results achieved. The Court also finds that the Binder Law Offices did not unreasonably delay the proceedings. Further, the Court finds that the Binder Law Offices are well experienced in handling social security cases and that their written submissions were specific and well supported.

With respect to the so-called windfall factor, the Binder Law Offices have requested $9317.50 for 20.5 hours of services rendered before this Court, which represents a *de facto*

hourly rate of $454.51. In support of its motion, the Binder Law Offices have provided, for each of the two attorneys who worked on this case, Daniel S. Jones ("Jones") and Charles E. Binder ("Binder"), information concerning their backgrounds and experience and a calculation of the hours spent on this case. Upon review of the submissions, the Court finds that the number of hours spent on this matter by each attorney, that is, 18.5 hours in the case of Jones and 2 hours in the case of Binder, or a total of 20.5 hours, is not unreasonable under the circumstances. Further, as noted by the Commissioner, the *de facto* hourly rate of $454.51 is comparable to rates previously approved in this Circuit. (*See* Def.'s Resp. at 5 n.2.)

The Court finds the fee amount sought by the Binder Law Offices to be reasonable. In reaching this conclusion, the Court is mindful that, upon the award of such fees, the Binder Law Offices have pledged to return to Plaintiff the full amount of the EAJA fees previously awarded.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees in the amount of $9,317.50 is GRANTED. Upon receipt of this sum, counsel for Plaintiff shall refund the previously awarded $4,000.00 in attorney's fees, under the EAJA, directly to Plaintiff.

**SO ORDERED.**

DATED:        December 17, 2020
              New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**